UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER LEE COTTEN,

    Plaintiff,

v.                                                      Case No: 2:18-CV-442-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court on Plaintiff Jennifer Lee Cotten's Complaint (Doc. 1) filed on June 25, 2018. Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claims for disability insurance benefits and a period of disability. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ's Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On March 18, 2016, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging an onset date of August 14, 2015. (Tr. at 83, 172-78). Plaintiff's claims were denied initially on May 25, 2016 and again following reconsideration on July 12, 2016. (*Id.* at 83-84). A hearing was held before Administrative Law Judge ("ALJ") William G. Reamon on May 18, 2017. (*Id.* at 28-72). The ALJ issued an unfavorable decision on August 30, 2017. (*Id.* at 15-23). The ALJ found Plaintiff not to be under a disability from August 14, 2015, through the date of the decision. (*Id.* at 22).

On May 19, 2018, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-3). Plaintiff filed a Complaint in this Court on June 25, 2018. (Doc. 1). The Commissioner filed an Answer on September 13, 2018. (Doc. 13). The parties filed a Joint Memorandum on February 4, 2019. (Doc. 18). The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 14). This case is ripe for review.

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1,

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the residual functional capacity ("RFC") to perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2019. (Tr. at 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 14, 2015, the alleged onset date. (*Id.*). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "cervical degenerative disc disease, spondylosis, and stenosis (status post anterior cervical diskectomy with fusion) and lumbar spine degenerative joint disease, stenosis, and L5-S1 disc protrusion (20 CFR 404.1520(c))." (*Id.* at 18). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. (*Id.* (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526)).

At step four, the ALJ determined the following as to Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she can frequently climb ramps/stairs; no climbing ladders/ropes/scaffolds; can frequently balance and crouch; can

---

2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

occasionally stoop, kneel, and crawl; can tolerate no overhead reaching with the left upper extremity; must avoid concentrated exposure to extreme cold and vibration; and can have no exposure to dangerous moving machinery or unprotected heights.

(*Id.*).

The ALJ also determined that Plaintiff is capable of performing her past relevant work as a market manager and reservations agent, finding that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (*Id.* at 22). Specifically, the ALJ found that based on the vocational expert's testimony, the job of market manager (DOT #186.167-042) "is a skilled job that requires sedentary exertion as generally performed (indicated in the Dictionary of Occupational Titles) but which requires medium exertion as performed by the claimant." (*Id.*). Thus, the ALJ found Plaintiff capable of performing the job of market manager as generally performed. (*Id.*).

Additionally, the ALJ found that based on the vocational expert's testimony, "the job of reservations agent is a semiskilled job that requires light exertion as generally performed but requires sedentary exertion as performed by the claimant." (*Id.*). Thus, the ALJ found that Plaintiff could perform this job as performed by Plaintiff. (*Id.*).

The ALJ further stated that "[p]ursuant to SSR 00-4p . . . the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles other than testimony as to being off tasks, sit/stand options, and use of the non-dominant vs dominant hand," which the ALJ "found reliable based on the vocational expert's extensive experience and knowledge of the regional and national job markets." (*Id.*).

The ALJ concluded that Plaintiff was not under a disability from August 14, 2015, through the date of the decision. (*Id.*).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Richardson*, 402 U.S. at 401; *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as the finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (holding the court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

On appeal, Plaintiff raises one issue, stated as follows:

> Whether the ALJ erred by failing to account in the RFC finding for all of the limitations stemming from Plaintiff's cervical degenerative disc disease, spondylosis, and stenosis (status post ACDF), which he found to be "severe."

(Doc. 18 at 10).

Plaintiff argues that the ALJ's RFC finding is internally inconsistent because despite finding at step two that Plaintiff's cervical degenerative disc disease, spondylosis, and stenosis (status post ACDF) are severe impairments, the ALJ failed to include all related limitations in his RFC finding, *i.e.*, limitations to account for Plaintiff's limited cervical range of motion and pain with use of the upper extremities. (*Id.* at 13). Relatedly, Plaintiff argues that the vocational expert's testimony was based on an inaccurate RFC and, thus, does not constitute substantial evidence to support the ALJ's decision to deny benefits. (*Id.* at 14).

The Commissioner responds that the record provides substantial evidence to support the ALJ's finding. (*Id.* at 16). The Commissioner further argues that Plaintiff failed to prove that her impairments imposed additional limitations on her ability to work, specifically on her ability to perform past relevant work as a market manager or reservations agent and argues that the fact that she had severe impairments does not mean the impairments caused added work-related limitations. (*Id.* at 16-17).

Upon consideration, the Court finds the RFC finding is supported by substantial evidence. First, an ALJ does not err solely by declining to include limitations in the RFC even when he finds severe limitations at step two of the sequential evaluation. *Davis v. Comm'r of Soc. Sec.*, No. 6:12-CV-1694-ORL-36, 2013 WL 6182235, at *6 (M.D. Fla. Nov. 25, 2013) (citing *Lacroix v. Banhart*, 465 F.3d 881, 888 n.3 (8th Cir. 2006)) (rejecting Plaintiff's contention that the ALJ's decision was inconsistent because ALJ found an impairment to be severe but did not include related limitations in the RFC finding). The severity standard at step two is a *de minimus* hurdle meant to weed out non-meritorious claims and, thus, while an impairment may meet the definition of severity, this does not necessarily mean that such an impairment will affect the RFC determination. *Id.*; *see also McDaniel v. Bowen*, 800 F.2d 1026,

6

1031 (11th Cir. 1986) ("Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected."). Thus, despite Plaintiff's assertions to the contrary, a failure to identify impairment-related limitations in a RFC is not necessarily inconsistent with a finding that an impairment is severe.

Next, the ALJ found that Plaintiff's testimony and allegations were not credible and that her claims were contrary to the objective medical evidence. (Tr. at 20). The ALJ concluded that while Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," her allegations "concerning the intensity, persistence and limiting effects of" her pain were "not borne out by the medical evidence of record as of her alleged onset date." (*Id.* at 19).

To establish disability based on testimony of pain and other subjective symptoms, a plaintiff must satisfy the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)); *see also Chatham v. Comm'r of Soc. Sec.*, 764 F. App'x 864, 868 (11th Cir. 2019). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)). If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (citation omitted).

7

Nevertheless, the Eleventh Circuit has stated that "[t]he question is not . . . whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

Here, the ALJ discredited Plaintiff's allegations of severe, disabling cervical spine and lumbar pain because they were not substantiated or consistent with the objective medical evidence in the record. (Tr. at 19-21). The ALJ considered the examination notes of consultative examiner Dr. Michael Rosenberg, who noted on May 19, 2016 that while Plaintiff had bulging discs and degenerative disc disease and experienced cervical spine pain and decreased range of motion, she appeared to be in no acute distress; her gait was without a limp or balance disturbance; she had full strength in her extremities, other than a mild decrease in strength in her left upper extremity; her stance was normal, and she used no assistive devices; she did not need help changing or getting on and off the exam table, and she was able to rise from a chair without difficulty. (*Id.* at 347-49).

The ALJ also considered treatment notes of Dr. Jaime Alvarez, Plaintiff's surgeon. (*Id.* at 20). Treatment notes from several weeks before surgery reflect that Plaintiff's gait was normal, that she was able to get on an examination table without help, that she ambulated without difficulty, that sensation in both her upper and lower extremities was intact, that she had full range of motion in both upper extremities with a mild decrease in strength in her left upper extremity and full strength in her right upper extremity. (*Id.* at 429-30). She underwent ACDF surgery on October 25, 2016. (*Id.* at 425, 574). Dr. Alvarez noted at Plaintiff's first post-operative examination that Plaintiff appeared in a wheelchair although she did not require one and that she was able to complete certain daily activities, *i.e.*, personal care, drive, carry, and lift. (*Id.* at 427). He determined that Plaintiff's expressed pain was "out of proportion to the expected

8

pain based on historical experience." (*Id.*). Dr Alvarez advised Plaintiff to move around and walk for exercise. (*Id.*). Further post-operative treatment notes reflect that she experienced some improvement in her left upper extremity symptoms through post-operative therapy. (*Id.* at 425, 432, 434).

Plaintiff points to a December 23, 2016 visit with Dr. Alvarez, during which he confirmed the presence of cervical pain and reduced range of motion as evidence that the ALJ erred in failing to include additional limitations in the RFC. (Doc. 18 at 14). However, during that same visit, Dr. Alvarez noted that despite experiencing some pain, the Plaintiff was able to perform personal care, drive, carry, and lift. (Tr. at 558). Moreover, at her final visit on February 15, 2017, Dr. Alvarez noted the Plaintiff was "stable" and "doing well." (*Id.* at 423).

Next, the ALJ considered Dr. Michael Martinez's notes. (*Id.* at 20). Dr. Martinez, who treated Plaintiff for medication management, noted that post-operation, Plaintiff's pain and symptoms were treated and adequately managed with medications and that she experienced no side effects. (*Id.* at 368-69, 371-72, 374-75). As noted by the ALJ, both pre- and post-operative treatment notes show that her back pain was a 2 out of 10 on September 15, 2016, and a 3 out of 10 on March 2, 2017. (*Id.* at 369, 702).

Upon review of the record, the Court finds that substantial evidence supports the decision to discredit Plaintiff's subjective testimony of disabling pain due to its inconsistency with objective medical evidence, as outlined above. Furthermore, Plaintiff has not shown that her cervical degenerative disc disease, spondylosis, and stenosis impose additional limitations on her ability to work, specifically on her ability to perform past relevant work as a market manager or reservations agent. The Court therefore finds that the ALJ's RFC finding is supported by substantial evidence.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that substantial evidence supports the ALJ's decision and that the decision was decided upon proper legal standards. Accordingly, it is hereby **ORDERED** that the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on August 8, 2019.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties